# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**CRYSTAL BRADLEY,**

    **Plaintiff,**

**v.**  //  **CIVIL ACTION NO. 1:10CV167**
                               **(Judge Keeley)**

**UNITED STATES OF AMERICA,**

    **Defendant.**

## MEMORANDUM OPINION AND ORDER GRANTING MOTION TO DISMISS (DKT. 7)

After a doctor allegedly sexually assaulted the plaintiff, Crystal Bradley ("Bradley"), at a federally supported health care facility, Bradley brought this action against the United States under the Federal Tort Claims Act ("FTCA"). Because the FTCA's sovereign immunity waiver provision does not extend to the claims in this case, the Court **GRANTS** the Government's motion to dismiss for lack of subject matter jurisdiction.

### I. FACTUAL AND PROCEDURAL BACKGROUND

Bradley alleges that she was sexually victimized by Dr. John Pellegrini while a patient at the Clay Battelle Health Services Association Clinic in Blacksville, Monongalia County, West Virginia (the "Clinic"), a facility eligible for coverage under the FTCA, and that the Department of Health and Human Services denied her claim for damages.

Bradley's complaint asserts negligence claims against the United States. Count One asserts that the Clinic owed its business

invitees a duty to provide care free from sexual abuse, especially because the facility published a "Patient Bill of Rights" that promised treatment without discrimination based on sex. Count Two claims that the abuse by Dr. Pellegrini was reasonably foreseeable, and thus the Clinic had a duty to prevent it. Count Three asserts a claim of negligent supervision and retention, and alleges that other patients, including twenty female inmates at a correctional facility where Dr. Pellegrini also worked, have made allegations of sexual misconduct against him.

The Government does not dispute that the Clinic is eligible for FTCA coverage, or that Bradley properly exhausted her administrative remedies before filing suit. It does contend, however, that the sovereign immunity of the United States bars this action. For the reasons discussed in this opinion, the Court agrees.

## II. ANALYSIS

The Government argues that Bradley's claims fall outside the FTCA's limited waiver of sovereign immunity. Although the FTCA waives the sovereign immunity of the United States for certain negligence actions, it specifically bars suits "arising out of assault [or] battery by a federal employee acting within the scope of his employment." 28 U.S.C. § 2680(h). In some instances,

**BRADLEY v. USA**                                              **1:10CV167**

**MEMORANDUM OPINION AND ORDER**
---

however, a claim of negligence by the United States that also involves an intentional tort by a government employee is outside the scope of the "assault and battery" exception, and thus is not barred by sovereign immunity. Sheridan v. United States, 487 U.S. 392 (1988)("Sheridan I")(reversing 823 F.2d 820 (4th Cir. 1987)).

In Sheridan I, the plaintiffs claimed that an off-duty servicemember had shot at passing motorists, and that the naval facility where the incident took place failed to protect the plaintiffs despite a base regulation barring the possession of firearms. Id. at 393-94. Reversing the Fourth Circuit Court of Appeals, the Supreme Court of the United States held that the assault and battery exception of the FTCA did not bar claims that would arise regardless of the tortfeasor's employment status. Id. at 403. The Supreme Court, however, did not decide whether the assault and battery provision barred all claims of negligent supervision involving intentional torts. Id. at 403, n. 8.

On remand, the Fourth Circuit explicitly held that claims of negligent supervision arising out of an assault or battery committed by a government employee are not actionable under the FTCA. Sheridan v. United States, 969 F.2d 72, 75 (4th Cir. 1992)("Sheridan II")(citing Thigpen v. United States, 800 F.2d 393, 399 (4th Cir. 1986)(Murnaghan, J., concurring)); contra, Senger v.

3

<u>United States</u>, 103 F.3d 1437 (9th Cir. 1996)(assault and battery provision does not bar negligent supervision claims). Thus, Count Three of Bradley's complaint, alleging negligent retention and supervision, must be dismissed under Fourth Circuit case law.

The Fourth Circuit's opinion in <u>Sheridan II</u> also undercuts Bradley's argument that liability should attach because of the Clinic's "Patient Bill of Rights." The Fourth Circuit held that the naval base's regulations prohibiting firearms did not give rise to "Good Samaritan" liability under Maryland law (incorporated into the FTCA). 969 F.2d at 74-75. Bradley has provided no authority suggesting that the Patient Bill of Rights at issue in this case would create any affirmative duty under West Virginia law.

In our sister district, Chief Judge Goodwin, on facts similar to those alleged by Bradley, has held that the assault and battery exclusion of the FTCA barred both negligent hiring and supervision claims, as well as claims based on an alleged duty of care arising out of an Army recruiter's actions. See <u>Lilly v. United States</u>, 141 F.Supp.2d 626 (S.D.W. Va. 2001), <u>aff'd</u>, 22 Fed.App'x 293 (4th Cir. 2001)(unpublished), <u>cert. denied</u>, 536 U.S. 939 (2002). In <u>Lilly</u>, a soldier took a seventeen-year-old female recruit to a bar, where he bought her several drinks. After that, he took her to a hotel room where he engaged in sexual relations with her. <u>Id.</u> at 627. Although

Chief Judge Goodwin recognized that, under Sheridan I, some negligence actions tangentially involving intentional torts are allowable, he found that, under the facts before him, there was no breach of any duty of care that was "independent" of both the employment relationship and the intentional torts of the recruiter. Id. at 630.

In this case, all of Bradley's claims arise out of Dr. Pellegrini's alleged intentional actions while a Government employee. No matter how styled, the FTCA bars such claims.

The cases cited by Bradley hold only that, with regard to a negligence claim separate and distinct from the intentional tort, the waiver would not apply – for instance, where a government daycare worker negligently allows an unknown assailant to abuse children, Doe v. United States, 838 F.2d 220 (7th Cir. 1988); or where the alleged sex was consensual (and thus not an assault or battery), Andrews v. United States, 732 F.2d 366 (4th Cir. 1984); or where a government health care worker negligently mis-medicated the plaintiff, exposing her to a subsequent sexual assault by another employee, Bembenista v. United States, 866 F.2d 493 (D.C. Cir. 1989); or, indeed, as in Sheridan I itself, where the shooter's employment status had nothing to do with the plaintiff's claims. Here, because all of Bradley's claims turn on the

employment relationship between the Government and Dr. Pellegrini, the assault and battery exception applies.

## CONCLUSION

The Court concludes that it is without jurisdiction to entertain any of Bradley's claims because the allegations in her complaint "aris[e] out of assault [or] battery by a federal employee acting within the scope of his employment." 28 U.S.C. § 2680(h). Thus, it **GRANTS** the Government's Motion to Dismiss for Lack of Subject Matter Jurisdiction (dkt. 7), and **DISMISSES** this case **WITH PREJUDICE.**

It is so **ORDERED.**

The Court directs the Clerk to prepare a separate judgment order and to transmit copies of both orders to counsel of record. DATED: April 22, 2011.

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE